Mr. Robinson? Yes. Good morning, Your Honors. Edward Robinson. I'm here on behalf of the appellant, David Erickson. And to quote Judge Hicks at the district court level, he was very troubled about this particular case because it appeared to be the most marginal of the cases that he'd seen compared to the reported cases. And the fact that the evidence in this case was marginal, and I think the fact that the government's theory throughout this trial shifted from an argument that Mr. Erickson knowingly intended to try to entice a 14-year-old to the main focus on what the substantial act was in order to make this an attempt crime, explains why Judge Hicks took the position that this case was marginal. If you look at the way the government argued their case to the jury with respect to the substantial step, in their opening closing statement, the prosecutor argued that from the start of Mr. Erickson's communication, that initial posting on Craig's list, all the way through his traveling to Vons, each and every one of those instances could support a guilty verdict based upon a finding that each one of those instances was a substantial step. Were there any objections to those statements in the opening closing? No, there weren't, Your Honor. So are we on plain-error review? We may be on plain-error review. I think I preserved the argument through my objection during the government's rebuttal argument. I'm prepared to address the fact that I don't think it makes a difference because I think the prejudice is so profound that either under a harmless-error review or under a plain-error review, the prejudice is such that Mr. Erickson's verdict is unreliable. But the ---- Kennedy. Counselor, I'm having some trouble with your argument, basically because the judge gave instruction that nothing that the counsel says is law. I give the instructions. I tell you what the law is. The judge gave instructions after each one of the things, times when he felt like counsel had misstated or had said facts were appropriate to meet the law. The judge didn't think so, and so he gave further instruction, reemphasized those instructions. I mean, to me, if I were an attorney and I were out there arguing and I misstated what facts could meet the law and the judge pointed it out, that's the end of the story. I lose. I'm having a tough time understanding how counsel did anything to make a misstatement of the law. Counsel made some arguments suggesting that that met the law that the judge had suggested, and when they did, the judge said, no, you didn't. In fact, I'm reemphasizing what the law is. So the law never changed. Counsel just made some errors in what she was arguing. I'm having a tough time understanding why that comes to me. Your Honor, because the arguments that the prosecutor was making to this jury, particularly and only for our purposes with respect to what is a substantial step, included a whole host of substantial steps that weren't substantial steps that the judge told the jury weren't substantial steps. I think he didn't, Your Honor, and I asked the Court to re-instruct the jury on what the elements of the crime were for this case. And he did. But unlike a situation that was highlighted in the Barona case, where this circuit said the jury, because there was a change in the law, the jury could have received then instruction that told them that certain of those supervisee, potential supervisees in the CCE case didn't legally qualify as a supervisee, that the jury was left in a situation where they could not distinguish between what was a legal supervisee and what was a legal supervisee, to which they would decide if there was sufficient evidence to support. We're in the exact same position here. Judge Hicks did not tell this jury, you can't consider the initial Craigslisting post, which went out to the entire Internet world. It wasn't directed towards the jury. Did you ask the Court at any time to supplement the jury instructions by clarifying for the jury what steps could count as a substantial step and which pieces of evidence couldn't count? I didn't, Your Honor. And the reason I didn't do that was because I made my objection during the government's rebuttal argument. And the shift in the government's case came during their opening statement. I felt that I had done a good job rebutting that statement, excuse me, their argument in my closing argument. But when the prosecutor, and I didn't raise this on appeal because I didn't think it was intentional within the meaning of the law, but when the prosecutor said that I had misstated the law and that the Mr. Erickson could be convicted for having made taken a substantial step based upon, you know, a re-reference to all of the communications, including the initial Craigslist post, that's when I objected. And the reason that I didn't ask for a clarification or more of a special verdict type instruction at that point in time is because it would have been coercive. It would have acted like an Allen charge. It would have told this jury that they were to focus on certain acts that the government had argued were substantial steps. And I didn't want to place Mr. Erickson in that position. I think that the bell had been rung and it was just too late. So what do we have in front of us? I mean, I don't think, if I don't think that what the prosecutor said has anything to do with the law, because the law was adequately explained, you didn't ask for any further instruction as to some of the prosecutor's arguments are absolutely wrong. What do I have in front of me? Prosecutor misconduct? I mean, I can't think that there's any legal error. The judge gave the error, gave the instructions you've requested, did it twice to emphasize what you wanted emphasized and gave exactly what you wanted. So what do I go to to find the error? Your Honor, if that's the Court's position, then I would suggest under even a plain error review, assume that I didn't ask for an instruction that it requested of Judge Hicks to tell this jury you cannot consider what it sidebarred Judge Hicks had identified, and I think it was borne out by the Gladdish case, is a legally inadequate theory of substantial step. Your argument, if I understand it, is that the danger here is the jury, because of a general verdict, may have relied upon something as a substantial step, which, in fact, was not. Which was not from a legal step. That's your argument. That's your argument. That's my argument. That's the best argument. And even given that the judge says it doesn't matter what the attorneys say, it doesn't matter what their argument is, it's not law. You can believe it or disbelieve it. But, Your Honor, that's what you've just said is the instruction that Judge Hicks gave the jury is the one that all the juries receive all the time. But this is a different situation. When we're arguing with respect to sufficiency of the evidence, it's within the province and the function of the jury as the finder of fact to determine what evidence, from a legal, from a factual standpoint, rises to the level of the crime. But as the United States Supreme Court in Griffin said, and as Barona quoted, when we have a situation where a jury is asked to determine what type of evidence supports, in this case, an element of the offense, and some of that evidence or some of the theory is a legally inadequate theory and some of it isn't, we're placing them in a position where they're also determining what is law and what isn't. And that's outside of their function. It's unreasonable, according to the Supreme Court, to ask them to make that kind of legal decision. I want to make sure you have some time for rebuttal. You're down to about a minute. Would you like to save it? Gannon, thank you, Your Honor. Roberts, thank you for your argument, counsel. We'll hear from the United States at this time. Ms. Dam. Good morning. May it please the Court, I'm Camille Dam on behalf of the United States. Your Honors, the issue really before the Court is narrow, whether or not the general jury verdict must be set aside because of a danger that the jury convicted based upon an act that could not legally be a substantial step. The case is not ---- Can you pull the microphone down a little bit? Just a little bit. There you are. Is that better? Speak right up. Okay. There you go. There's not a challenge to the sufficiency of the evidence. There's not a challenge to the jury instructions. There's not a prosecutorial mischallenge. There's not an entrapment challenge. Were you the trial counsel in this case? No, I wasn't, Your Honor. So what happened is, during closing argument, the attorney made a misstatement. Correct. And there was no contemporaneous objection. Correct. But during the rebuttal argument, the defense did object. There was a sidebar. The district court pointed out the error. And did the government counsel then fix it? What happened? During the rest of her rebuttal to say, well, I want to clarify what I said earlier. No. No. She, in fact, asked, can I finish the argument at that sidebar? She said, I wasn't finished. I was going to say, and the judge said, no, I don't want you to say anything else about that. So when she resumed trial, she just started by saying, I agree. You need to follow the instructions of laws given to you by the judge. And then she went on. And that was what the judge told her to do. So and there was an objection during that rebuttal argument, but the defense counsel didn't object based on those previous statements of what constituted a substantial step. The defense counsel was objecting based on the fact that he thought a personal attack was being made and based on the fact that the prosecutor was trying to clarify that the attempt in this case went toward the mental assent, the inducement or coercion, not an attempt to consummate the physical act of having sex. That was the case. This case is different from Verona. It's different from Verona, Your Honor, because in Verona, the case specifically says there was a danger, there was no way they could determine whether or not the jury may have relied upon one of the one or more of the supervisees for the continuing criminal enterprise leader, may have relied on a mere employee, and there was no way to know. Was the predicate in that case government argument or something else? It was government argument. In that sense, it's similar. It's yes. In that sense, it's similar. But there was no instruction to the jury about what the supervisee could be. In here, there was an instruction by the judge saying how to find a substantial step and what the substantial step included. And so it makes it very different, because they did have correct jury instructions and a correct jury instruction on what constitutes a substantial step. Is there a contemporaneous objection in Verona? I don't recall, but I don't believe there was, because there was intervening law in that case. Okay. So the hook you hang your hat on is that in this case, the judge gave a very specific instruction as to what constituted a substantial step, and in Verona, there was not an instruction that specifically told them what a supervisor was or was not. Right. That's one hook. And another hook I would bring up is that Verona specifically says there's no way we can tell, you know, what this jury may have done. In this case, the evidence was uncontroverted of all the remaining substantial steps that did, in fact, occur. And as Judge Hicks found, that happened fairly early on in the investigation. But the jury could have gone back in the jury room and said, what is this guy doing on Craigslist, sort of snooping around in this area? And that wouldn't have been a substantial step, would it? Right. The jury could well have done that and may well have done that. But that doesn't negate the fact that if they did find that he was on Craigslist, they necessarily found all the rest of what happened that were, in fact, substantial steps. Judge Hicks, in his written order, denying the jury was on Craigslist could have relied upon something as a substantial step that wasn't? I'm conceding they could have relied upon that and considered it. But that in deciding what a substantial step was, there's no way they could have relied upon that without believing and relying upon the rest of the facts that occurred in the case, the entire case. Isn't that exactly what happened in Verona? There were some people that were supervisors and some that were not. And the problem in the case was that the Court of Appeals panel couldn't tell which ones the jury relied upon. No. In Verona, they didn't just need one. They needed to find a number of them. Here, we needed only one substantial step. And as Judge Hicks said, it was unthinkable that the jury would have relied upon the initial telephone call or the initial posting on Craigslist and not relied upon the later discussions, the arrangement to meet, the travel, the appearing at the Vaughn store. It's unthinkable. It's not a case where we're left not able to know and with a feeling that we don't know if the jury would have found a substantial step. This Judge Hicks was right, wasn't he, that this was kind of at the outer limits of a case like this? Well, Judge Hicks, when he said the evidence of the chat line, how old she was, and she said she was 14, and he backed off, right? That's a yes. That happened, but it's a little bit suspicious. He the evidence supports a finding that he clearly knew that she was 14, and he backed   That happened, but it's a little bit suspicious. knew all along that she was 14. The very first response she gave is, I am only 14. Thereafter, she acted the part. She needed to sneak out to get away from home. She lived with her aunt. The conversations were about that. He said, at least twice during the investigation, I could be your father, and one of those was specifically before he asked again how old she was. And then when he said, I can't do it. You're only 14. The response several hours later was, I don't get it. Are you mad? And he said, no, I am not mad. Do you still ---- So she ran after he said, oh, you're 14, I'm not meeting with you. Then she was the one that initiated re-contact, correct? She did, yes. But it was several hours later. She wasn't pressing it go forward. She just said, I'm confused. The detective is certainly allowed to continue in his role. There's no entrapment being alleged. She said, I'm confused. And he responded, no, I'm not angry. Do you think it's a good idea? And then the detective waited the whole rest of the night and didn't respond. The next morning, she responded, and he said, when can we meet? Or he had said, do you think it's a good idea? And her response was, well, I don't know. I don't want drama. I don't want to play games. And after that, there followed five contacts from him, all without an intervening contact with her. And him saying, I'm on my way. Make sure you have the right shirt on and take your jacket off. And he was eager to go. Okay. I think we understand your argument. Thank you very much. Thank you very much for coming down today. Thank you. Counsel, a little over a minute for rebuttal. Thank you. Your Honor, this case is just like the Barona case. In Barona, with respect to the two defendants whose convictions were overturned based upon the legally inadequate theory argued to the jury, there were five supervisees that that jury was supposed to find. The government conceded that one of those potential supervisees on the list of 12 and 8 was legally inadequate from a standpoint where a jury could rely on them. And it was unthinkable, given the facts of this case, that the jury could have talked about the Craigslist posting without going through the rest of it. Where is the flaw in that logic? The flaw in that logic is this. It's just like Barona. It wasn't just the Craigslist. But it isn't exactly like Barona. How are you going to distinguish the fact that here the Court gave an instruction that went well beyond the language of 2422b and specifically elaborated on the difference between preparation and substantial step? And in Barona, quite the opposite. The indictment listed persons who could not be the supervisees. The Court didn't do one thing to clarify the meaning. Because in Barona and in this case, the jurors had to make a finding with respect to a supervisee and a substantial step. The jurors in this case were presented, and it's been conceded by the government all the way through, a legally inadequate theory for a substantial step. And we had a general verdict. And so for this verdict to stand, based upon speculation, and that's what it is because we don't know what that jury relied on, given the marginal nature of this case, and given the arguments made by government counsel at trial, even under a plain error standard, this verdict is unreliable. We've asked the jury to do the job of a judge and a jury that's outside of their province, and that's exactly what the Supreme Court in Griffin warned us against. Our questions have taken you over your time. Thank you very much for your argument. Thank the government for its argument. The case, United States v. David Mark Erickson, is submitted for decision.
judges: Hawkins, Smith, Nguyen